UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NOLAN, L.L.C.,**
       **Plaintiff,**          **CIVIL ACTION NO. 06-CV-14907-DT**

vs.

                             **DISTRICT JUDGE DENISE PAGE HOOD**

**TDC INTERNATIONAL CORP.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
       **Defendant.**
_____/

**OPINION AND ORDER GRANTING DEFENDANT TDC'S MOTION TO COMPEL**

      This matter comes before the Court on Defendant TDC's Motion to Compel Plaintiff's Answers to TDC's Request for Production of Documents and Interrogatory filed on February 27, 2007.[1] (Docket no. 18). Plaintiff's Response was filed on March 16, 2007. (Docket nos. 21). Defendant has filed a Reply brief. (Docket no. 22). The Court heard oral argument from counsel on April 2, 2007. The motion has been referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 20). The matter is therefore ready for ruling.

      This is a trademark infringement action in the self-storage facility industry. Defendant seeks to obtain documents relating to the sale of certain assets of Plaintiff to determine whether Plaintiff sold the trademark rights it is suing upon and whether other parties need to be added to the action. Defendant served its First Request for Production of Documents and Interrogatory on Plaintiff on January 8, 2007. Defendant seeks to compel the production of two categories of documents pursuant to its motion. The first category consists of one document identified as the "Acquisition Agreement" which is related to production request numbers 1 and 6. Plaintiff argues that the Court should not order

---

[1] The Court at oral argument adjourned the hearing as to Defendant's Motion to Compel Production of Subpoenaed Document (docket no. 19).

-1-

this document produced because it is irrelevant to the issues of the case and highly confidential. The Court finds that the document is relevant under the broad scope of discovery. Fed. R. Civ. P. 26(b)(1). The confidential nature of the document may be protected by having the document produced pursuant to the protective order already in place in the action. (Docket no. 17). The Court will therefore order that Plaintiff produce the Acquisition Agreement pursuant to the protective order for attorney eyes only, unless otherwise agreed by the parties.

The second category of documents still at issue relate to the ongoing relationship between EZ Mini Storage and ez Storage and particularly documents relating to Plaintiff "rebranding" from "EZ Mini Storage" to "ez Storage" from approximately the year 2000 to the present. This category of documents relates to production request numbers 7 and 11. Plaintiff's counsel stated at oral argument that Plaintiff believes it has produced all of the documents responsive to these requests. Accordingly, Plaintiff will supplement it responses to these requests by April 13, 2007 to state that all documents responsive to these requests within its possession, control, and knowledge have been produced, if that is the case. Otherwise, the documents are to be produced by that date.

Defendant served one interrogatory at the same time it served these production requests. The interrogatory requests that Plaintiff identify all of its assets. The Court finds this request to be overbroad and unduly burdensome. The Court therefore will not compel Plaintiff to answer it. Once Defendant reviews the documents that will be produced pursuant to this Order and the other documents recently produced by Plaintiff, it may draft a new, more precise interrogatory if the need still exists.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (docket no. 18) is **GRANTED** to the extent that on or before April 13, 2007 Plaintiff will supplement its responses to

Defendant's production request numbers 7 and 11 by stating that all documents responsive to these requests within its possession, control, and knowledge have been produced.

**IT IS FURTHER ORDERED** that on or before April 10, 2007 Plaintiff will produce the Acquisition Agreement pursuant to the protective order, for attorney eyes only unless otherwise agreed by the parties.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 03, 2007                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE



### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 03, 2007                s/ Lisa C. Bartlett
                                         Courtroom Deputy