UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLAN, L.L.C.,
       Plaintiff,           CIVIL ACTION NO. 06-CV-14907

vs.

                                DISTRICT JUDGE DENISE PAGE HOOD

TDC INTERNATIONAL CORP.,    MAGISTRATE JUDGE MONA K. MAJZOUB
       Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS (DOCKET NO. 58) AND SECOND MOTION TO COMPEL DISCOVERY (DOCKET NO. 59)

These matters come before the Court on Plaintiff Nolan, L.L.C.'s Motions. The first motion is Plaintiff's Motion to Determine Sufficiency of TDC's Objections and Responses to Requests for Admissions filed on August 2, 2007. (Docket no. 58). Defendant's Response was filed on August 20, 2007. (Docket nos. 65). Plaintiff filed a Reply brief. (Docket no. 67). The second motion is Plaintiff's Second Motion to Compel Discovery filed on August 2, 2007. (Docket no. 59). Defendant's Response was filed on August 20, 2007. (Docket no. 64). Plaintiff filed a Reply brief. (Docket no. 68). The Parties filed a Joint Statement of Resolved and Unresolved Issues regarding both motions on September 24, 2007. (Docket no. 72). The Court heard oral argument from counsel on October 3, 2007. The motion was referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 62). The matter is therefore ready for ruling.

A.     *INTRODUCTION AND FACTS*

This is a trademark infringement action in the self-storage facility industry. Plaintiff served its First Set of Requests for Admissions on June 28, 2007 and Defendant's Responses were served on July 26, 2007. Plaintiff served its Second Set of Requests for Production of Documents and Things on June 14, 2007. Defendant served its Responses on July 13, 2007. Defendant served Supplemental Responses on August 20, 2007. Plaintiff served its Third Set of Requests for the Production of Documents and Things on June 28, 2007. Defendant served its Responses on July 26, 2007. Defendant served Supplemental Responses on August 20, 2007.

## B. REQUESTS FOR ADMISSION

### 1. Governing Law

Under Fed. R. Civ. P. 36(a), a party who has requested admission may move to determine the sufficiency of the answers or objections. "Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."

A party responding to Requests for Admission must serve upon the party requesting admission a written answer or objection addressed to the matter and if objection is made, the reasons therefor must be stated. A party may respond to a Request for Admission in one of the following ways:

a) Admit the matter;

b) Specifically deny the matter;

c) Set forth in detail the reasons why the party cannot truthfully admit or deny the matter; or

d) If good faith requires that a party qualify an answer or deny only a part of the matter, the party shall specify so much of it as is true and qualify or deny the remainder.

Lack of information or knowledge is not a reason for failure to admit or deny unless the party states that it has made reasonable inquired and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. *See* Fed. R. Civ. P. 36(a).

## 2. Sufficiency of Defendant's Responses and Objections to Plaintiff's Requests for Admission

For the reasons stated on the record, the Court Grants in part and Denies in part Plaintiff's Motion to Determine the Sufficiency of Defendant's Objections and Responses to Requests for Admissions. All references are to Defendant's Modified Responses to Plaintiff's First Set of Requests for Admissions dated August 20, 2007 (Docket no. 67):

**Request for Admission nos. 1, 3, 8, 10, 18, 19, 21, 27, 31, 32, 33: Denied.**

**Request for Admission no. 12: Granted**.
  Defendant will strike the last sentence of its Response.

**Request for Admission no. 13: Granted**.
  Defendant will either admit or deny the Request or otherwise respond in accordance with Fed. R. Civ. P. 36.

**Request for Admission no. 14: Granted.**
  Defendant will strike the last sentence of its Response.

**Request for Admission no. 15: Granted**.
  Defendant will limit its Response to the first sentence of the Response and will strike the remainder of the Response.

**Request for Admission no. 16: Granted.**
  Defendant will limit its Response to the first sentence of its Response and will strike the remainder.

**Request for Admission no. 23: Granted in part.**

Defendant will amend its Response to use the term "merely" to respond directly to the remainder of the Request.

**Request for Admission no. 25: Granted**.
Defendant will amend its Response to include a denial. Defendant will also respond specifically regarding the "statement" or "conduct" upon which it may have relied.

**Request for Admission no. 30: Granted**.
Defendant will rephrase as a denial with qualification under Fed. R. Civ. P. 36.

**Request for Admission no. 34: Granted**.
Defendant will amend its Response in the form of an admission and will strike the remainder.

**Request for Admission no. 35: Granted**.
Defendant will answer the question of storage services sold and admit, deny or otherwise respond in accordance with Fed. R. Civ. P. 36.

**Request for Admission no. 36: Granted in part**.
Defendant will strike the extraneous language in its Response beginning with "as TDC has not performed . . . ."

**Request for Admission no. 37: Granted**.
Defendant will revise its Response in accordance with Fed. R. Civ. P. 36 and respond fully.

**Request for Admission no. 38: Granted**.
Defendant will revise its Response to admit, deny or otherwise respond to the truth of the matter asserted in accordance with Fed. R. Civ. P. 36(a).

**Request for Admission no. 40: Granted**.
The first sentence of Defendant's Response is responsive. Defendant will strike the remainder of it's Response, following the first sentence.

**Request for Admission no. 43**: **Granted in part.**
Defendant will strike the language following the year "1997" in its Response.

**Request for Admission no. 53: Granted**.
Defendant will respond to the matter asserted in accordance with Fed. R. Civ. P. 36 and answer in terms of "marks."

**Request for Admission no. 3 (to which Plaintiff claims that Defendant's Modified Response creates a new issue): Denied.**

>**Request for Admission no. 6 (to which Plaintiff claims that Defendant's Modified Response creates a new issue): Granted in part**.
>Defendant will revise its Response to admit, deny or otherwise respond to the truth of the matter asserted in accordance with Fed. R. Civ. P. 36.

## C. REQUESTS FOR PRODUCTION

### 1. Governing Law

Federal Rule of Civil Procedure 34(a) allows the production of documents "which are in the possession, custody or control of the party upon whom the request is served." "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b).

### 2. Requests and/or Issues Not Raised In Plaintiff's Second Motion to Compel Discovery and Memorandum in Support (Docket no. 59): Document Request Nos. 50, 89-93, 95, 97, 98 and 112

Plaintiff's Second Motion to Compel Discovery seeks to compel Responses to its second and third sets of Requests for Production of Documents and Things. As of the filing of their Joint Statement of Resolved and Unresolved Issues and Defendant's Supplemental Responses, the Parties had resolved several of the production issues. However, Plaintiff in its Reply and Joint Statement raises issues with regard Defendant's Supplemental Responses which were not raised in Plaintiff's initial Motion and Brief.[1] Because those issues and/or Responses were not raised in the initial Motion and Brief the Court declines to rule on them.

---

[1] Specifically, Plaintiff raises new issues in its Reply and Joint Statement referable to Defendant's Document Request Nos 50, 89-93, 95, 97 and 112.

Document Request Nos. 50 and 112 are not raised in Plaintiff's Second Motion to Compel but are found in Defendant's Reply Brief and Joint Statement. Therefore, they are not properly before the Court on this Motion.

Plaintiff moves to compel responses to Document Request Nos 81-100 claiming that Defendant improperly objected or failed to respond because Plaintiff's Requests contain a typographical error wherein the term "Plaintiff" should have read "Defendant." Defendant initially responded to these Requests as literally written. Plaintiff argues that on July 27, 2007 it promptly called the typographical error to Defendant's counsel's attention and asked that the Request be interpreted and responded to as if it read "Defendant" and not "Plaintiff". Defendant then filed its Supplemental Response addressing the typographical error. Thereafter, Plaintiff filed its Reply Brief. Both the Reply Brief and the Joint Statement raise issues with respect to alleged deficiencies in Defendant's Supplemental Responses which were not raised in the initial motion and brief. According to the Joint Statement, several of the Document Requests containing the typographical error were resolved and issues remain only as to Request Nos. 89-93, 95, 97 and 98. Defendant supplemented its responses in light of Plaintiff's error, addressing the issue raised in Plaintiff's Second Motion to Compel. Therefore, Plaintiff's Motion to Compel as to Document Request Nos. 89-93, 95, 97 and 98 will be denied.

**3.    Document Request Nos. 52-57 and 59-66**

Document Request Nos. 52-57 and 59-66 are addressed in footnote no. 1 to Plaintiff's Memorandum in Support of its Second Motion to Compel Discovery. (Docket no. 59). Plaintiff states that it requested the following in Plaintiff's First Motion to Compel:

> [T]hat TDC also be ordered to designate documents by Bates Numbers that are responsive to Nolan's First and Second Set of Document Requests. To the extent

> TDC's responses to Nolan's Second Set of Document Requests are deficient in ways similar to the responses addressed in Nolan's first Motion to Compel, Nolan herein seeks an Order requiring proper responses to those Requests as well, . . . .

Plaintiff's Brief in Support at n.1 (docket no. 59). Plaintiff's first Motion to Compel Discovery was stricken from the record (docket no. 61). Therefore the Court cannot address deficiencies in these Requests by reference to the first Motion to Compel. Any newly raised issues and alleged insufficiencies in Plaintiff's Reply Brief and Joint Statement are not properly before the Court. The only remaining issue appears to be that Plaintiff seeks to compel Defendant to reference any responsive documents already produced by Bates numbers. Defendant states in its Response Brief that "each and every Request for Production has been supplemented and, where documents exist, they have been identified by Bates number if produced by defendant, . . . ." Defendant's Response at 5 (docket no. 64). With the exception of Response Nos. 62 and 63, Defendant's Supplemental Responses identify groups of allegedly responsive documents by Bates numbers. Response Nos. 62 and 63 are subject to the same analysis as Request No. 111, below. Defendant must produce responsive non-privileged documents within its possession, custody or control. Defendant fails to comply with the Court rule by generally directing Plaintiff to all documents produced or filed in another court action. Plaintiff's Motion to Compel will be denied as to Document Request Nos. 52-57, 59-61 and 64-66. Plaintiff's Motion to Compel is granted as to Document Request Nos. 62 and 63. The Court will order Defendant to produce documents responsive to Request Nos. 62 and 63 which are within its possession, custody or control in accordance with Fed. R. Civ. P. 34(b). If Defendant has no responsive documents within its possession, custody or control, it will amend its response to so state.

  **4.  Document Request Nos. 48 and 76**

Document Request Nos. 48 and 76 seek documents relating to marks containing the letters "EZ" and "EZ MINI STORAGE". Plaintiff moves to compel Defendant to specify why it responded that these requests are overly broad, unduly burdensome and vague. "An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992). In this case Defendants have produced no affidavit or other reliable evidence to establish the nature and degree of the alleged burden. The Court finds that Defendant did not properly object to these Requests and orders Defendant to produce documents responsive to Request Nos. 48 and 76. If Defendant has no responsive documents within its possession, custody or control, it will amend its response to so state.

5. **Document Request Nos. 101 and 108**

Document Request Nos. 101 and 108 seek documents related to Defendant's expert witness. The Parties have agreed to delay production of the expert-related material until after the Court rules on Plaintiff's Motion *In Limine* to Exclude Expert Testimony of Bernard J. Cantor. However the parties request a ruling on the related Document Requests at this time. (Docket no. 66). Request No. 101 asks for "drafts of any opinions prepared by Bernard Cantor in connection with his preparation of an Expert Report to be submitted in the above-styled civil action." Request No. 108 asks for "[a]ll documents containing any date (sic) or other information considered by Bernard Cantor in connection with any opinion to be made by Mr. Cantor at trial in the above-styled civil action."

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), a party shall provide a report by its expert witness disclosing all data and information "considered" by the expert in forming the opinions. Rule

26(a)(2) requires disclosure of all information provided to testifying experts. *See Regional Airport Authority of Louisville and Jefferson County v. LFG, L.L.C.,* 460 F.3d 697, 716 (6th Cir. 2006). Draft reports are discoverable. *See McDonald v. Sun Oil Co.*, 423 F. Supp. 2d 1114, 1122 (D. Or. 2006) citing *Fidelity Nat. Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005).

The Court will grant Plaintiff's Motion to Compel as to Request Nos. 101 and 108 and should the Court subsequently deny Plaintiff's Motion *In Limine* to Exclude Expert Testimony of Bernard J. Cantor, Defendant will produce documents and requested items responsive to Request Nos. 101 and 108 within fourteen (14) days of entry of an order denying Plaintiff's Motion *In Limine*.

### 6.     Document Request No. 111

Document Request No. 111 asks for correspondence between Defendant and any third party concerning Defendant's use of "EZ" as part of any service mark, trademark or name. Defendant initially responded that it is not in "possession" of any documents responsive to the Request. Plaintiff objects that this response is unduly narrow and requires production of any documents "under the control of Defendant." In its Supplemental Response, Defendant directs Plaintiff to "all items filed with the United States District Court for the Eastern District of Michigan involving the action entitled Nolan, L.L.C. v. EZ Moving & Storage West, Inc., (Case No: 05-CV-70982) along with those documents filed with the TTAB."

Under Fed. R. Civ. P. 34, any party may serve on any other party a request to produce documents which "are in the possession, custody or control of the party upon whom the request is served." "The word "control" is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn.

1989). The Court will order Defendant to produce documents responsive to Request No. 111 and within its possession, custody or control in accordance with Fed. R. Civ. P. 34. If Defendant has no responsive documents within its possession, custody or control, it will amend its response to state that it has no documents responsive to this request within its possession, custody or control.

  **7.**  **Document Request No. 110**

Plaintiff withdrew its Motion to Compel with respect to Request No. 110 at the time of the hearing of Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Determine Sufficiency of TDC's Objections and Responses to Requests for Admissions (docket no. 58) is **GRANTED** in part for the reasons set forth **above, Defendant** will revise and serve its Responses to Requests for Admission Nos. 6, 12, 13, 14, 15, 16, 23, 25, 30, 34, 35, 36, 37, 38, 40, 43 and 53 as set forth in the language above on or before October 12, 2007; Plaintiff' Motion is **DENIED** as to Requests for Admission Nos. 1, 3, 8, 10, 18, 19, 21, 27, 31, 32 and 33.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Compel Discovery (docket no. 59) is **GRANTED** in part as set forth above and Defendant will serve its supplemented responses to Document Request Nos. 48, 62, 63, 76 and 111 within twenty-one (21) days of entry of this Order and Document Request Nos. 101 and 108 within fourteen (14) days of entry of an order denying Plaintiff's Motion *In Limine*; Plaintiff's Motion is **DENIED** as to Document Request Nos. 52-57, 59-61, 64-66, 89-93, 95, 97 and 98.

**IT IS FURTHER ORDERED** that the Parties' Counter-Motions for attorneys fees and costs are **DENIED**. Plaintiff initially made a good faith effort to obtain the discovery without the Court's intervention and Defendant supplemented its responses in good faith.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: October 11, 2007           s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE




## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 11, 2007           s/ Lisa C. Bartlett
                                  Courtroom Deputy