UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLAN, L.L.C.,
      Plaintiff,           CIVIL ACTION NO. 06-CV-14907-DT

vs.

                                      DISTRICT JUDGE DENISE PAGE HOOD

TDC INTERNATIONAL CORP.,    MAGISTRATE JUDGE MONA K. MAJZOUB
      Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TDC'S MOTION TO COMPEL

This matter comes before the Court on Defendant TDC International Corp.'s Motion to Compel Plaintiff's Answers to TDC's Discovery Requests filed on October 3, 2007. (Docket no. 73). Plaintiff's Response was filed on October 12, 2007. (Docket no. 76). Defendant has filed a Reply brief. (Docket no. 80). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion has been referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 78). The matter is therefore ready for ruling.

This is a trademark infringement action in the self-storage facility industry. Defendant moves to compel Plaintiff's responses to several discovery requests pursuant to Fed. R. Civ. P. 26, 33, 34, and 37. The Court will address the issues to be decided in four categories: (1) TDC's First Request for Production of Documents; (2) the Acquisition Agreement; (3) TDC's Second Set of Interrogatories; and (4) TDC's Third Set of Interrogatories.

Before addressing these categories, the Court will consider Plaintiff's argument that Defendant's entire motion should be denied because its filing was unduly delayed. Discovery closed in this action on August 1, 2007. Defendant's motion was filed on October 3, 2007. As late as September 29, 2007 the parties were exchanging emails in an effort to resolve these discovery disputes. (Docket no. 73, ex.

5). In addition, Plaintiff filed a Motion to Compel after the close of discovery, and this Court ruled on it. (Docket nos. 59, 75). Finally, Plaintiff fails to identify prejudice resulting from this delay. Under these circumstances, the Court will not deny Defendant's motion based on an undue delay in its filing.

*1. TDC's First Request for Production of Documents*

Defendant served its First Request for Production of Documents on January 8, 2007. Plaintiff produced about 900 pages of documents pursuant to this request. However, Defendant contends that Plaintiff has not complied with Fed. R. Civ. P. 34 which requires "the party who produces documents for inspection [to] produce them as they are kept in the usual course of business or . . . organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i). Defendant contends that Plaintiff has not complied with either procedure. Plaintiff contends that it produced the documents as they are kept in the usual course of business.

The parties have not submitted the documents to the Court nor described with specificity the extent to which the documents that were produced are categorized or labeled. The documents have Bates Stamp numbers, but judging from Plaintiff's argument that "it was relieved of the burden of labeling" the documents under Rule 34, the Court concludes that these numbers are the extent to which these documents are categorized. (Docket no. 76 at 15). Plaintiff contends that it was relieved of the burden of labeling because it offered to produce the documents as they were kept in their usual course of business but Defendant's counsel demanded that Plaintiff instead send copies of the documents, as they were maintained, to counsel's office. (Docket no. 76, ex. B).

Rule 34(b)(i) is meant to prevent a party from obscuring the significance of documents by giving some structure to the production. *See Johnson v. Kraft Foods N.A., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006). The party arguing that it produced documents as they were kept in the usual course of business bears the burden of showing that the documents were so kept. *Cardenas v. Dorel Juvenile Group, Inc.*, 230

F.R.D. 611, 618 (D. Kan 2005). A party does so by revealing such information as where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files. (*Id.*).

Plaintiff has failed to show that it produced the documents at issue as they were kept in the usual course of business. Plaintiff has not revealed where the documents came from, who maintained them or whether they come from one file or multiple files. Defendant's counsel did request copies of these documents rather than choosing to go to the offices of Plaintiff's counsel to view the documents. However, Plaintiff fails to provide authority for the conclusion that by doing so Defendant waived its right under Rule 34 to receive the requested documents in a structured manner. The Court concludes that there was no such waiver. Therefore, Plaintiff must serve amended discovery responses identifying by Bates Stamp number the documents which are responsive to each of Defendant's document requests in Defendant's First Request for Production of Documents served on January 8, 2007.

2. *The Acquisition Agreement*

This Court ordered Plaintiff to produce the Acquisition Agreement at issue in its previous Order of April 3, 2007 (docket no. 28). It was to be produced for attorney eyes only under the protective order in place in this action, unless the parties agreed otherwise. Plaintiff produced the agreement with this designation of attorney eyes only but redacted portions of the agreement. Plaintiff's redaction of this document violates this Court's previous order. The attorney-eyes-only designation was ordered to protect the confidential nature of the document. Plaintiff will therefore be ordered to produce the complete agreement for attorney eyes only without any redactions.

3. *TDC's Second Set of Interrogatories*

Defendant moves to compel Plaintiff to answer four interrogatories. Interrogatory # 7 asks for Plaintiff's yearly gross revenue and quantity of sales from the year 2000 to the present. Interrogatory

# 8 asks for Plaintiff's yearly net profits from sales, etc. from 2000 to the present. Interrogatory # 9 asks for the reason why Plaintiff elected to sell most of its storage facilities but retain some others. Finally, Interrogatory # 11 asks Plaintiff to identify any opinions Plaintiff ever received or requested from legal counsel concerning its right to use the mark at issue or possible confusion over the marks.

The Court finds that Interrogatory # 7 and # 8 are unduly broad and overly burdensome. Although some of this information would be relevant, such as from the year 2004 to the present and limited to the state of Michigan, as written the interrogatories are not proper. The motion to compel will be denied as to these 2 interrogatories.

The Court finds that Interrogatory # 9 does not address relevant issues in this action. Defendant's motion to compel an answer to it will be denied.

Plaintiff objected to Interrogatory # 11 based on attorney client privilege and the work product doctrine. It produced a privilege log identifying one responsive document. (Docket no. 76, ex. A). On its face, this interrogatory asking for opinions of counsel would seemingly be covered by the privilege. Defendant fails to provide any argument that this document is not protected by the attorney-client privilege as Plaintiff claims. The motion to compel an answer to this interrogatory will be denied.

  4.  *TDC's Third Set of Interrogatories*

Plaintiff objected to Defendant's Third Set of Interrogatories because by its count Defendant had already asked the allowed 25 interrogatories under Fed. R. Civ. P. 33. Rule 33 allows for a party to serve upon another party up to 25 interrogatories, including all discrete subparts, without leave of court. Defendant argues that its interrogatories do not contain discrete subparts. "Discrete subparts" of an interrogatory are questions which ask for discrete pieces of information. *See Prochaska & Assocs. v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993). The Court finds that Defendant's sole interrogatory in its First Set of Interrogatories contains subparts for a total of 3 interrogatories and

that many in its Second Set contain subparts, namely Interrogatory Nos. 1 (total of 3), 5 (total of 2), 7 (total of 2), 8 (total of 2), and 11 (total of 2). After serving the First and Second Sets of Interrogatories, Defendant had served 22 interrogatories. Even the first interrogatory in Defendant's Third Set, with subparts, would send it over the limit. Therefore, the Court will not compel Plaintiff to answer this Third Set but will allow some time for Defendant to serve 3 interrogatories on Plaintiff. This will exhaust the allowed 25 interrogatories.

**IT IS THEREFORE ORDERED** that Defendant TDC International Corp.'s Motion to Compel (docket no. 73) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that on or before November 28, 2007 Plaintiff will serve an amended response identifying by Bates Stamp numbers the documents responsive to each request of Defendant's First Request for the Production of Documents.

**IT IS FURTHER ORDERED** that on or before November 28, 2007 Plaintiff will produce a complete copy of the Acquisition Agreement to Defendant for attorney eyes only without redactions.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is denied as to its Second Set of Interrogatories.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is denied as to its Third Set of Interrogatories but Defendant may serve 3 interrogatories on Plaintiff on or before November 28, 2007.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 15, 2007          s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 15, 2007          s/ Lisa C. Bartlett
                                                         Courtroom Deputy