**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Nolan LLC,

    Plaintiff and Counter-Defendant,

                                CASE NO. 06-14907
                                HONORABLE DENISE PAGE HOOD

v.

TDC International Corp.

    Defendant and Counter-Plaintiff.

_____/

**AMENDED[1] ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS [DOCKET NO. 88], GRANTING DEFENDANT TDC INTERNATIONAL CORP.'S MOTION FOR LEAVE TO FILE SUR-REPLY [DOCKET NO. 74] AND PARTIALLY GRANTING PLAINTIFF DEFENDANT TDC INTERNATIONAL CORP.'S MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH THE COURT'S NOVEMBER 15, 2007 ORDER [DOCKET NO. 90]**

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiff Nolan LLC's ("Nolan") Motion for an EXTENSION of Time to File Dispositive Motions [**Docket No. 88, filed December 26, 2007**], Defendant TDC International Corp.'s ("TDC") Motion for Leave to File Sur-Reply [**Docket No. 74, filed October 10, 2007**] and Defendant TDC's Motion to Compel Plaintiff's Compliance with the Court's November 15, 2007 Order [**Docket No. 90, filed January 15, 2008**].

**II.  STATEMENT OF FACTS**

---

[1] The only portion of this Order that has been amended is the title, which is amended to reflect that this Court granted TDC's Motion for Leave to File Sur-Reply.  The remainder of the order remains unchanged from the original Order filed on September 16, 2008.

Plaintiff Nolan is the owner of the Federally Registered service mark, EZ MINI STORAGE. According to the registration issued on April 1, 1997 the EZ MINI STORAGE mark was for purposes of "providing self storage." (U.S. Trademark Registration No. 2,048,705). Nolan has extensive operations in six states, including Michigan, and 48 cities within those states.

Defendant TDC International Corp. ("TDC"), either directly or through its predecessor in interest, adopted the common law marks EZ MOVING, EZ MOVING AND STORAGE, and ultimately EZ MOVING/MOVING & STORAGE. They have used these marks continuously since May of 1994. (Docket No. 44, Ex. A). TDC has continued to use these marks within the eight-county region of Macomb, Oakland, Wayne, Genesee, St. Clair, Sanilac, Livingston, and Monroe Counties. *Id.*

In 2003 Plaintiff began phasing out use of EZ MINI STORAGE and replacing it with the EZ STORAGE mark in TDC's trading area. TDC began to notice a significant decline in sales in 2003/2004 and 2005, and determined that Plaintiff Nolan's use of the mark EZ STORAGE was the main cause.

On March 14, 2005, Nolan filed suit against EZ MOVING and Storage West, alleging, among other things, trademark infringement of Nolan's EZ MINI STORAGE mark. *See Nolan, Inc. v. EZ Moving and Storage West*, E.D. Mich., Case No. 05-70982. On April 29, 2005, TDC filed a petition for cancellation against Nolan with the U.S. Patent and Trademark Office before the Trademark Trial and Appeal Board (TTAB) relating to Nolan's EZ MINI STORAGE and EZ STORAGE marks. TDC asserted that Nolan's marks violated the Lanham Act on several grounds and will cause damage to TDC. TDC then filed their counterclaim in November of

2006.

Nolan claims to have used, and continue to use, its registered EZ MINI STORAGE mark in various mediums, including signage, printed materials, and telephone Yellow page directories. (*See* Docket No. 44, Declarations of Michelle DiCarlo and Mark L. Paliszewski).  The DiCarlo Declaration points to Nolan's present use of the EZ MINI STORAGE mark displayed on internet searchable White Page and Yellow Page directories for the following cities in Michigan: Clinton Township; Taylor; Dearborn Heights; Livonia; Redford; Center Line; Warren; Sterling Heights; Roseville; and Lincoln Park. *See Id.*   Nolan also maintains use of the EZ MINI STORAGE mark on a national scale.  (Docket No. 44, DiCarlo Declaration). Additional current internet searchable Yellow Page directories are also shown in the DiCarlo Declaration for numerous cities located in Pennsylvania, Massachusetts, and Minnesota. *Id.*

### III.   APPLICABLE LAW & ANALYSIS

#### A.   Motion for Leave to File Sur-Reply [Docket No. 74]

TDC seeks to file a sur-reply to Plaintiff's Motion for Partial Summary Judgment on Trademark Nonabandonment [**Docket No. 74**], and has attached the Motion as Exhibit 2.  "[T]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazey Construction Corp.*, 310 F.Supp2d 186, 189 (D.D.C. 2004).  Because this is an instance where new evidence comes to light subsequent to all papers being filed, and after oral argument has passed, a sur-reply is appropriate. TDC's motion is GRANTED.

Nolan has had an ample opportunity to respond to the proposed sur-reply in their opposition to the Motion for Leave to File Sur-Reply, and has in fact done so, thereby concluding briefing on the matter of trademark non-abandonment.

## B. Motion to Compel Plaintiff's Compliance with the Court's November 15, 2007 Order [Docket No. 90]

TDC has served various discovery requests on plaintiff throughout the course of this litigation, including Interrogatories and Requests for Admission. TDC claims that while some answers have been provided, there remain specific and significant deficiencies which plaintiff has refused to address, making it difficult for TDC to properly defend this action.

In the Court's November 15, 2007 Order, it was ordered that "Defendant may serve 3 interrogatories on Plaintiff on or before November 28, 2007." [Docket 83]. On November 28, 2007 TDC served the three additional interrogatories allowed by this Court on Plaintiff. Plaintiff responded to the three additional interrogatories with objections, claiming the interrogatories consist of discrete subparts and exceed the permissible number allowable. Further, TDC claims the need to view the Acquisition Agreement, which has been currently produced under the designation of "Attorney Eyes Only."

TDC requests this Court to compel Plaintiff to comply with its November 15, 2007 Order and submit complete answers to Defendant TDC's discovery requests within fourteen days, and produce the Acquisition Agreement without the "Attorney Eyes Only" designation. Nolan objected to TDC's interrogatories on the basis that they constituted an impermissible number of interrogatories violative of both Rule 33 of the Federal Rules of Civil Procedure and the Case Management Plan submitted by the parties to this Court. Magistrate Judge Majzoub considered the total number of interrogatories propounded by TDC, and declared that Interrogatories Nos. 7 and 8 both contained two separate subparts. See Docket No. 83, at p. 7. TDC then resubmitted substantially the same inquiries, resulting in each of the three new interrogatories in the "Fourth Set" containing the same two discrete subparts already noted by the Court in its previous Order.

4

2:06-cv-14907-DPH-WC   Doc # 141   Filed 06/05/09   Pg 5 of 6   Pg ID 3033

Nolan's objection is noted, however, instead of objecting to all of the interrogatories, they should have answered three as to comply with Magistrate Judge Majzoub's Order, and then objected to the remaining interrogatories. Simply objecting to all of the interrogatories, and answering none of them is not appropriate, and Nolan is directed to answer three of the subparts.

TDC also requests the Court to order Nolan to remove the "confidentiality" designation it placed upon the Acquisition Agreement, even though it was placed in accordance with the Court's November 15, 2007 Order. Magistrate Judge Majzoub stated: "Plaintiff will therefore be ordered to produce the complete agreement for attorney eyes only without any redactions" Docket 83, at 3. Counsel for TDC claims that he needs help from his client, therefore his client should be allowed to examine the document; however, Counsel does not explain why he needs such help or how it would assist him in representing TDC in this action. Nolan claims that the document is commercially sensitive, and should not be disclosed to a competitor such as TDC in light of TDC's own repeated efforts to sell its business operations to Nolan. This Court agrees, and the document should not be allowed to be seen by TDC, and should continue to retain the "For Attorney's Eyes Only" designation.

### C.    Motion for an EXTENSION of Time to File Dispositive Motions [Docket No. 88]

Plaintiff Nolan seeks an amendment of the Court's January 9, 2007 Scheduling Order which required all motions be filed by January 15, 2008. Nolan Further requests that the January 15, 2008 cut-off date for the submission of motions be extended for a period of 10 days following entry by the Court of its decision on Nolan's Motion for Summary Judgment Re: Nonabandonment. Plaintiff's Motion is unopposed.

On January 23, 2007 this Court entered an Stipulated Order setting the motion cut-off

5

date for 10 days after its decision on Nolan's Motion for Summary Judgment Re: Nonabandonment. [**Docket No. 94**]. Plaintiff's Motion for an EXTENSION of Time to File Dispositive Motions [**Docket No. 88, filed December 26, 2007**] MOOT.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff Nolan's Motion for an Extension of Time to File Dispositive Motions [**Docket No. 88, filed December 26, 2007**] is MOOT.

IT IS FURTHER ORDERED that Defendant TDC International Corp.'s ("TDC") Motion for Leave to File Sur-Reply [**Docket No. 74, filed October 10, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Defendant TDC's Motion to Compel Plaintiff's Compliance with the Court's November 15, 2007 Order [**Docket No. 90, filed January 15, 2008**] is GRANTED in part and DENIED in part.


    s/ DENISE PAGE HOOD
    Denise Page Hood
    United States District Judge

Dated:

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2009, by electronic and/or ordinary mail.

    s/ Wm. F. LEWIS
    Case Manager